## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD

**ANDREA CLICK,**

      **Petitioner,**

**v.**                               **Case No. 1:13-cv-16808**

**SANDRA BUTLER, Warden,**
**FPC Alderson,[1]**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At the time she filed her petition, by counsel, the petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia, serving a 60-month term of imprisonment imposed by the United States District Court for the Eastern District of Kentucky, after being convicted on one count of Conspiracy to Distribute Oxycodone. (ECF No. 5 at 2-3; Ex. 1, ¶ 12 and Attach. E, Judgment in a Criminal Case, No. 0:10-CR-01-DLB-1).

---

[1]  Sandra Butler is now the Warden at FPC Alderson.   Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the Clerk is directed to substitute Butler as the Respondent herein.

According to the respondent's Response to the Petition (ECF No. 5, discussed *infra*), on June 7, 2008, the petitioner was arrested by state officials in Boyd County, Kentucky for Trafficking Controlled Substance (Cocaine) 1st Degree, Trafficking in Controlled Substance and Carrying a Concealed Deadly Weapon.   (Case No. 08-CR-366).   (ECF No. 5, Ex. 1, ¶ 5 and Attach. A).   The petitioner was released on bond on June 20, 2008.   (*Id.*, ¶ 6).   On July 25, 2008, the petitioner was arrested by Boyd County officials for Trafficking in Controlled Substance Within 1000 Yards of a School and Use/Possession of Drug Paraphernalia.   (Case No. 08-CR-365).   Although the petitioner was again released on August 20, 2008, she was subsequently taken back into state custody related to the charges in Case No. 08-CR-366 on January 14, 2009. (*Id.*, ¶ 7).[2]

According to the respondent's Response, on May 6, 2009, the petitioner pled guilty to the charges in both of her state cases.   (*Id.*, ¶ 8 and Attach. B).   On June 26, 2009, the petitioner was sentenced to one year of imprisonment on the charges in Case No. 08-CR-365 and five years of imprisonment on the charges in Case No. 08-CR-366. These sentences were ordered to run concurrently.   (*Id.*, ¶ 10 and Attach. C).

On February 19, 2010, the petitioner was borrowed by the United States Marshals Service on a Writ of Habeas Corpus *ad prosequendum* to answer to her federal charge of Conspiracy to Distribute Oxycodone in the United States District Court for the Eastern District of Kentucky.   (*Id.*, ¶ 11 and Attach. D).   The petitioner pled guilty to that charge on April 12, 2010.   (*Id.*, ¶ 12 and Attach, E).   On July 12, 2010, the petitioner was

---

2  According to the petitioner's petition, during this time, as part of her state sentence, she was furloughed to the Liberty Place Recovery Center for Women in Richmond, Kentucky, to undergo drug treatment. However, she did not successfully complete the program and turned herself in to state authorities in January of 2009.   (ECF No. 1 at 2).

sentenced to a 60-month term of imprisonment on the federal charge, and the District Court ordered that 36 months of that term of imprisonment was to be served concurrently with the petitioner's undischarged state sentence, with the remaining 24 months to be served consecutively.   (*Id.*, ¶ 13 and Attach. D).

The petitioner was returned to state custody on August 8, 2010.   (*Id.*, ¶ 14 and Attach. C).   The petitioner was then paroled by the Commonwealth of Kentucky on September 28, 2010.   (*Id.*, ¶ 15 and Attachs. C and F).   At that time, she was transferred into the custody of the United States Marshals Service to begin serving her federal sentence.   (*Id.*)

According to the respondent's Response, the Federal Bureau of Prisons ("BOP") prepared a sentence computation for the petitioner with her sentence commencing on July 12, 2010, the date her federal sentence was imposed.   The petitioner received 204 days of credit on her federal sentence for the time periods of June 7, 2008 to June 20, 2008; July 25, 2008 to August 20, 2008; and January 14, 2009 to June 25, 2009, which were time periods the petitioner spent in state custody prior to the date she was sentenced by the state court on June 26, 2009.   (*Id.*, ¶ 18 and Attachs. G and H).   The petitioner's projected release date at the time of the respondent's Response was April 28, 2014.   (*Id.*, ¶¶ 16-17 and Attach. G).

On July 2, 2013, the petitioner, by counsel, filed her Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1). The petition asserts that the petitioner is entitled to 8 months of additional prior custody credit and various other reductions in her federal sentence under the United States Sentencing Guidelines and 18 U.S.C. § 3624(b).

On July 26, 2013, the undersigned issued an Order to Show Cause and directed the respondent to respond to the petition by August 26, 2013.   (ECF No. 3).   On August 23, 2013, the respondent filed a Response to Order to Show Cause (ECF No. 5), asserting that the petitioner had received all prior custody credit to which she was entitled, and that her other claims for relief where not appropriately brought under 28 U.S.C. § 2241. The Response further asserts that the petitioner did not properly exhaust her administrative remedies.   (*Id.* at 4-5 and Ex. 2).

The petitioner did not file a reply brief.   On April 28, 2014, before the undersigned could address the merits of the petition, the petitioner was released from FPC Alderson. Thus, the petitioner's section 2241 petition is now moot and must be dismissed.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review.   U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990).   When a case or controversy no longer exists, the claim is said to be "moot."   In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance.   *See*, *e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 Fed. Appx. 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 Fed. Appx. 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, 2007 WL 2897942 (N.D. W. Va. 2007).

4

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the petitioner's section 2241 petition is now moot in light of her release from custody.   Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY AS MOOT** the petitioner's section 2241 petition (ECF No. 1) and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge.   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.   *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).   Copies of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to counsel of record.

_____November 12, 2014_____

Dwane L. Tinsley
United States Magistrate Judge